Her Curiam.

One of the fundamental rules of the law relating to actions for malicious prosecution is summarized clearly in the following excerpt from 3 Restatement of the Law of Torts, page 386:
“G. Influencing a public prosecutor. A private person who gives to a public official information of another’s supposed criminal misconduct, of which the official is ignorant, obviously causes the institution of such subsequent proceedings as the official may begin on his own initiative, but giving such information or even making an accusation of criminal misconduct does not constitute a procurement of the proceedings initiated by the officer if it is left entirely to his discretion to initiate the proceedings or not. Where a private person gives to a prose *288 cuting officer information which he believes to be true, and the officer in the exercise of his uncontrolled discretion initiates criminal proceedings based upon that information, the informer is not liable under the rule stated in this section even though the information proves to be false and his belief therein was one which a reasonable man would not entertain. The exercise of the officer’s discretion makes the initiation of the prosecution his own and protects from liability the person whose information or accusation has led the officer to initiate the proceedings.
“If, however, the information is known by the giver to be false, an intelligent exercise of the officer’s discretion becomes impossible and a prosecution based thereon is procured by the person giving the false information. In order to charge a private person with the responsibility for the initiation of proceedings by a public official, it must therefore appear that his desire to have the proceedings initiated expressed by direction, request, or pressure of any kind was the determining factor in the official’s decision to commence the prosecution or that the information furnished by him upon which the official acted was known to be false.”
The following similar statement appears in Prosser on Torts, page 865:
“If the defendant merely states what he believes, leaving the decision to prosecute entirely to the uncontrolled discretion of the officer, or if the officer makes an independent investigation, or prosecutes for an offense other than the one charged by the defendant, the latter is not regarded as having instituted the proceedings * * See, also, 25 Ohio Jurisprudence, 871, Section 5.
According to the uncontradicted evidence, the defendant refused to assist the two complaining individuals unless and until they stated their charges under oath in the form of affidavits. There were three of these. Furthermore, the defendant took the precaution of submitting the affidavits to an attorney in order to obtain advice about the situation. After a discussion, the defendant asked his attorney what, if anything, should be done. The attorney advised the defendant to take the affidavits to the then foreman of the county Grand Jury. This *289 advice was followed, and the foreman requested that the affidavits be left with him. This was done without any demand by the defendant. The affidavits were kept by the foreman and subsequently presented to the Grand Jury. Thereafter the defendant was subpoenaed to testify before the Grand Jury, and he complied.
These facts bring the defendant squarely within the above-quoted rule. The record discloses no evidence whatsoever to indicate (1) that the foreman exercised other than his uncontrolled discretion in presenting the matter to the Grand Jury or (2) that the prosecuting attorney exercised other than his uncontrolled discretion in handling the case or (3) that the Grand Jury exercised other than its uncontrolled discretion in returning an indictment against the plaintiff Archer.
In view of the decisive actions of these intervening agencies, the trial court should have rendered a judgment for the defendant Cachat.
Hence, the judgment of the Court of Appeals is reversed and a final judgment is hereby rendered in favor of the defendant.

Judgment reversed.

Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart, Bell and Taet, JJ., concur.